UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VEKOMA RIDES ENGINEERING
B.V.,

      Plaintiff,

v.                                                                          Case No: 6:24-cv-639-JSS-DCI

BOLLIGER & MABILLARD
CONSULTING ENGINEERS, INC.,

      Defendant.

_____/

## ORDER

      In this patent infringement case, Defendant moves for clarification and reconsideration of the court's claim construction order, (*see* Dkt. 56), and Plaintiff opposes the motion, (*see* Dkt. 57). Upon consideration, for the reasons outlined below, the court denies the motion.

      Plaintiff sues Defendant under the Patent Act, 35 U.S.C. §§ 1–390, for the alleged infringement of a utility patent for a stand-up roller coaster: United States Patent Number 7,987,793. (*See* Dkt. 2.) After receiving thorough briefing from the parties, the court held a claim construction hearing on June 23, 2025, regarding six disputed claim terms. (*See* Dkts. 46 to 51.) During the hearing, the parties presented arguments concerning how the court should construe the disputed claim terms. (*See* Dkt. 53.) After the hearing, the court issued a claim construction order. (Dkt. 52.) Defendant seeks clarification and reconsideration of the order. (Dkt. 56.)

"Courts possess inherent power to modify their interlocutory orders before entering a final judgment." *Fla. Power & Light Co. v. United States*, 66 Fed. Cl. 93, 96 (2005). However, "[t]hough district courts enjoy plenary *power* to reconsider non-final rulings, they need not employ plenary *review* when doing so. Indeed, in most instances district courts should hesitate before revisiting their earlier interlocutory orders; important interests of finality, stability, and predictability underlie that justifiable caution." *Hornady v. Outokumpu Stainless USA, LLC*, 118 F.4th 1367, 1380 (11th Cir. 2024). "A district court's decision to reconsider an interlocutory order is . . . committed to its sound judgment" and is thus "review[ed] for abuse of discretion." *Id.* at 1381; *accord Entergy Nuclear Fitzpatrick, LLC v. United States*, 711 F.3d 1382, 1386 (Fed. Cir. 2013) ("review[ing] the trial court's decision on reconsideration for an abuse of discretion").

Courts generally regard the "reconsideration of a prior order" as "an extraordinary remedy" that "must of necessity be used sparingly." *Taylor Woodrow Constr. Corp. v. Sarasota / Manatee Airport Auth.*, 814 F. Supp. 1072, 1072 (M.D. Fla. 1993). "A motion for reconsideration must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998) (quotation omitted). As a rule, a "motion for reconsideration cannot be used to 'relitigate old matters[ or to] raise argument or present evidence that could have been raised prior to'" the court's decision. *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir.

2009) (quoting *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005)); *see Hornady*, 118 F.4th at 1381 ("[A] district court typically would not abuse its discretion when rejecting a motion to reconsider an interlocutory order if the movant simply rehashed arguments already considered and rejected."). "[C]ourts have recognized three . . . grounds justifying reconsideration: (1) an intervening change in controlling law[,] (2) the availability of new evidence[,] and (3) the need to correct clear error or manifest injustice." *Fla. Coll. of Osteopathic Med.*, 12 F. Supp. 2d at 1308.

As Plaintiff explains, (*see, e.g.*, Dkt. 57 at 9–10), the motion for clarification and reconsideration contains evidence and argument that Defendant either presented or could have presented prior to the issuance of the claim construction order, (*see* Dkt. 56). For example, Defendant cites to a blog post on grammar to restate its position on how to construe the term "movements between the standing position and a squatting position," (*id.* at 8), and asks the court to revisit construction of the term "connecting means" by citing law that the court has already considered, (*see, e.g.*, *id.* at 9–10). Further, Defendant has not established an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice. (*See id. passim.*) *See Fla. Coll. of Osteopathic Med.*, 12 F. Supp. 2d at 1308; *see also Big Stik Mfg., Inc. v. Pitbull Tools & Supplies LLC*, No. 8:17-cv-2486-T-36SPF, 2019 WL 2343140, at *3, 2019 U.S. Dist. LEXIS 92269, at *9 (M.D. Fla. June 3, 2019) (deeming unwarranted the reconsideration of a claim construction order in a patent infringement case when the movant "identified no newly discovered evidence or an intervening development or change in the controlling law" and did not "show that reconsideration

- 3 -

[wa]s necessary to correct a clear error or manifest injustice").

To the extent that Defendant requests clarification in the form of "guidance regarding how the [c]ourt intends its construction is to be applied in the infringement and invalidity contexts," (Dkt. 56 at 7; *see also id.* at 12–13), Defendant does not supply legal authority justifying such guidance, (*see id.* at 6–8, 12–13). That, alone, is sufficient reason to deny the request. *See United States v. Markovich*, 95 F.4th 1367, 1379 (11th Cir. 2024) (explaining that a party forfeits a position when "he cites no legal authority to support it"). In any event, the court declines to advise the parties in the abstract as to how its claim construction is to be applied with respect to infringement and invalidity. *Cf. Dixie Elec. Coop. v. Citizens of State of Ala.*, 789 F.2d 852, 857 (11th Cir. 1986) ("Federal courts may not render advisory opinions on abstract or hypothetical propositions of law."). Moreover, the claim construction order speaks for itself: it says what it says and does not say what it does not say. *See Murray v. Taylor*, No. 6:24-cv-6-CEM-LHP, 2024 WL 991831, at *1, 2024 U.S. Dist. LEXIS 33937, at *2–3 (M.D. Fla. Feb. 28, 2024) ("[T]he [o]rder speaks for itself and requires no further clarification.").

Accordingly, Defendant's motion (Dkt. 56) is **DENIED**.

**ORDERED** in Orlando, Florida, on September 2, 2025.

_____
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record